IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SILAS, K83618,<br><br>        Petitioner(s),<br><br>vs.<br><br>WARDEN CHAPPELL,<br><br>        Respondent(s). | No. C 13-0082 CRB (PR)<br><br>ORDER OF DISMISSAL<br><br>(Docket # 3) |

      Petitioner, a prisoner at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus alleging inadequate medical care.  He also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

      Based solely on his affidavit of poverty, petitioner's request to proceed in forma pauperis (docket # 3) is GRANTED.  But the petition for a writ of habeas corpus is DISMISSED without prejudice to filing a civil rights complaint under 42 U.S.C. § 1983.

      Although the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought under habeas, see Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979), the Ninth Circuit has held that habeas jurisdiction is absent, and a § 1983 action proper, where, as here, a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.  Ramirez v.

Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

    The clerk shall send petitioner a prisoner civil rights complaint form, enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: Jan. 24, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.13\Silas, C.13-0082.dismissal.wpd